UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | |
| | : | CRIM. NO: 3:11CR00198 (MRK) |
| GINO KOUSA | : | |
| Defendant | : | |
| | : | May 2, 2012 |

SENTENCING MEMORANDUM

The defendant Gino Kousa in the above referenced matter through his counsel hereby respectfully submits this sentencing memorandum to be considered on his current sentencing date of May 10, 2012. Gino Kousa is a 48 year old father of Jacob Kousa his 10 year old son who lives in North Andover, Massachusetts. Mr. Kousa has pled to False Swearing in Immigration Matters, in violation of 18 U.S.C. §1546 (a). Mr. Kousa has no prior criminal history. Mr. Kousa has been in full compliance with probation during his pre-trial release and while awaiting sentencing.

Mr. Kousa is a very devoted father to his ten year old son Jacob and visits him on a regular basis and provides support both financially and emotionally. As your Honor you will note from the Pre-Sentence report Mr. Kousa has been married a total of four times including his current marriage to Fatima Saadoun. Mr. Kousa has not been very successful in his relationships given that one of his marriages only lasted 4 months and the

other a total of eight months. Mr. Kousa's marriage to his son's mother was the longest in duration lasting 5 years before ending in divorce.

Mr. Kousa could probably be best described as the marrying type who felt that every time he was in a relationship that he needed to marry the individual within a very short time period of knowing them. As to his current wife Fatima Saadoun who was 24 years his junior Mr. Kousa indicates he was actually in love with her and that he had hoped their relationship would endure. Although Mr. Kousa indicates he was initially approached by her brother regarding the marriage he did feel they had true feelings for each other when they met and had hoped to continue this relationship when she returned to the United States.

Once Fatima came to the United States and her family arrived with her it became more evident to Mr. Kousa that this relationship was not going to last. Mr. Kousa had initially planned on living with Fatima at the address in question but when she moved in the residence he realized this would never happen.

Mr. Kousa's crime that he pled guilty to involved indicating on Fatima's citizenship application that they resided together when in fact they did not nor had they ever maintained a residence together at that address. Mr. Kousa had hoped to eventually move in with Fatima at another address without her family but this never occurred. Although Mr. Kousa indicates that the fraudulent immigration papers were prepared by Fatima's brother

and co-defendant this was not an excuse for him signing the paperwork without verifying that the information on the documents was true.

Mr. Kousa is now a convicted felon and will have to live with this designation for the remainder of his life. Mr. Kousa is very remorseful for his actions and apologizes to this Court and the United States Government. Mr. Kousa has remained employed throughout his life and has provided for his family. Mr. Kousa understands the gravity of his actions and is determined not to commit another offense and be subjected to a loss of liberty. Mr. Kousa is determined to have no further involvement with the criminal justice system.

**Mr. Kousa should receive an adjustment pursuant to 2L2.1 (b) (1) because this offense involved only his spouse Fatima Saadoun.**

It is our contention that Mr. Kousa is eligible for an adjustment pursuant to 2L2.1 (b) (1) which provides if the offense was committed other than for profit, **or the offense involved the smuggling, transporting, or harboring only of the defendant's spouse it should decrease by three levels**. Mr. Kousa's offense only involved actions related to Fatima Saadoun who was his spouse at the time of the offense. Mr. Kousa's base level is found in U.S. S. G. 2L2.1 (a) which establishes a base offense level of 11. This level should then be reduced by 2 points for acceptance of responsibility.

An application of 2L2.1 (b) (1) would result in a total offense level of 6 or 0-6 months. It is also important to note that this application brings Mr. Kousa's guideline range closer to that of his co-defendants including his wife whose initial offense starts at a level 9 even though the conduct could be considered more egregious that Mr. Kousa's actions.

**Mr. Kousa should receive a sentence that satisfies the goals of the sentencing guidelines pursuant to 18 U.S.C. 3553(a).**

It is our contention that Mr. Kousa should receive a sentence of probation or in home confinement for whatever time frame the court feels appropriate within the guidelines. Probation is authorized in this matter due to the nature of the offense committed. Mr. Kousa would be able to provide for his family and be a productive member of society during this period of probation. Given that Mr. Kousa will now have a felony conviction on his record for the rest of his life the goal of a just and fair punishment has been established by the granting of probation.

A felony record is a significant penalty and hardship that will remind Mr. Kousa on a daily basis of the seriousness of his actions. The felony conviction would also deter future conduct by Mr. Kousa in that he understands should any other offenses occur he would surely be incarcerated for an extended period of time. Mr. Kousa is a hard working individual who has made a serious error in judgment. However as demonstrated Mr. Kousa s hard working and has a caring and supportive

family. In addition for 48 years Mr. Kousa has complied with the laws of the United States.

Given that the defendant has no prior record and the offense qualifies for probation or home confinement with liberties to work and continue to support his family we feel a period of probation or home confinement is appropriate in this matter. The majority of co-defendants while being held on immigration issues were given a sentence of time served by this court.

We are requesting that the Court in accordance with 18 U.S. C. Section 3553 (a) take into account a sentence sufficient , but not greater than necessary, to comply with the purposes of the sentencing guidelines.

The Court when taking into account the nature and circumstances of the offense should note that this offense was a false statement on his wife's immigration papers regarding the two parties residing together at a specific address. In addition the defendant has no prior criminal record and a felony record will burden Mr. Kousa for the remainder of his life.

## CONCLUSION

We feel that a period of probation of one year or home confinement with work privileges for a period deemed appropriate by the Court would reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. This would also serve as an adequate deterrence to criminal conduct and protect the public from further crimes of this nature. We therefore respectfully defer to the Court's wisdom regarding the appropriate sentence.

Respectfully submitted,

Gino Kousa

By _____
Gerald L. Harmon Esq. (ct13523)
290 Pratt Street
Meriden, CT 06450
(203) 639-1956

CERTIFICATION

I hereby certify that copies of the foregoing Sentencing Memorandum were electronically delivered to the following parties of record on May 2, 2012 as follows:

U.S. Probation Office
Senior Probation Officer Steven Lambert
450 Main Street
Hartford, CT 06103

Attorney Rahul Kale
Assistant U.S. Attorney
1000 Lafayette Boulevard
Bridgeport, Ct 06604

United States Clerk of Court
District Court of Connecticut
Criminal Clerk's Office
141 Church Street
New Haven, CT 06510

Gerald L. Harmon, Esq.